**CHRISTENSEN JAMES & MARTIN, CHTD.**
Wesley J. Smith, Esq. (11871)
Kevin B. Archibald, Esq. (13817)
Dylan J. Lawter, Esq. (15947)
7440 W. Sahara Avenue
Las Vegas, Nevada 89117
Telephone: (702) 255-1718
Facsimile: (702) 255-0871
Email: wes@cjmlv.com, kba@cjmlv.com, djl@cjmlv.com
*Attorneys for Plaintiff Board of Trustees of the Southern Nevada and California Glaziers, Fabricators, Painters and Floorcoverers Pension Trust Fund*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE SOUTHERN NEVADA AND CALIFORNIA GLAZIERS, FABRICATORS, PAINTERS AND FLOORCOVERERS PENSION TRUST FUND,<br><br>Plaintiff<br><br>vs.<br><br>LIMITED EDITION GLASS INC., a California corporation; RICHARD BRYAN SCOTT, an individual; AMERICAN CONTRACTORS INDEMNITY COMPANY, a California corporation; JOHN DOES I-XX, inclusive; and ROE ENTITIES I-XX, inclusive,<br><br>Defendants | CASE NO.: 2:23-cv-00042-CDS-VCF<br><br>**ORDER GRANTING MOTION FOR ENTRY OF JUDGMENT BY CONFESSION**<br><br>**[ECF No. 5]** |

Having received and considered the Board of Trustees of the Southern Nevada and California Glaziers, Fabricators, Painters and Floorcoverers Pension Trust Fund's ("Plaintiff") unopposed Motion for Entry of Judgment by Confession ("Motion") [ECF No. 5] and the Declaration and Exhibits filed therewith, including the Stipulation and Consent for Entry of Judgment by Confession ("Stipulation"), the Judgment by Confession, and the Oath and Verification signed by Defendants Limited Edition Glass, Inc. ("LEG") and Richard Bryan Scott ("Scott") [ECF No. 5-3], and good cause appearing, the Court orders, adjudges, and decrees as follows:

## FACTUAL BACKGROUND

On November 16, 2022, Plaintiff, LEG and Scott agreed through email (attached to the Motion as Exhibit 1 [ECF No. 5-2]) to essential terms to settle certain amounts owed to the Plaintiff for unpaid fringe benefit contributions for work performed during the period of August 1, 2022 through September 30, 2022, plus interest, liquidated damages, and attorney's fees, pursuant to the requirements of LEG's Master Labor Agreement ("Labor Agreement") with District Council of Painters and Allied Trades No. 36 on behalf of Glaziers, Architectural Metal and Glass Workers Local Union No. 636. In the emails, LEG and Scott agreed to memorialize the agreement through execution of a Stipulation for Entry and a Judgment by Confession in favor of Plaintiff and against LEG and Scott (collectively the "Judgment Debtors").

After reviewing the Stipulation and Judgment by Confession (attached to the Motion as Exhibit 2 [ECF No. 5-3]), which confessed judgment against Judgment Debtors, jointly and severally, in the amount of $19,729.94 ("Judgment Amount"), Scott executed the Judgment by Confession on November 29, 2022, both in his individual capacity and as President of LEG. Scott also executed and had notarized the Oath and Verification attached to the Judgment by Confession, through which Scott swore upon oath, verified, and declared that, "Entry of this Judgment by Confession, according to its provisions, is duly authorized," and "The monies due and owing and the basis for said Judgment are accurately set forth in the Stipulation and this Judgment." *See* ECF No. 5-3 at 13.

The Judgment by Confession states, "The Judgment Amount shall be reduced by any Settlement Payments described in the Stipulation that were made by the [Judgment Debtors] and received by the Plaintiff." It also states:

> The Judgment Amount shall be increased by: (i) all interest accrued on the Judgment Amount from December 10, 2022, through the date of entry of the Judgment at the rate of nine percent (9%) per annum, (ii) any unpaid Late Fee related to Default and Notice, as set forth in the Stipulation, and (iii) all reasonable attorney's fees and costs incurred by the Plaintiff to collect the Judgment Amount.

The Judgment Debtors were required to execute and submit the Stipulation and Judgment by Confession to Plaintiff's attorney on or before November 30, 2022, and to satisfy the Judgment by Confession, at minimum, through four (4) monthly Settlement Payments commencing on December 10, 2022, and due on the 10th day of the month thereafter. Payments one (1) through three (3) were to be in the amount of $5,025.31 each, and payment four (4) was to be in the amount of $4,987.91 (collectively, the "Settlement Payments").

The Judgment Debtors also agreed to timely submit monthly contribution reports and pay all contributions that became due and owing to Plaintiff pursuant to the provisions of the Labor Agreement for covered labor performed by the Judgment Debtors' employees while any portion of the Judgment Amount remains unpaid ("Stay Current Obligation"). Failure to timely remit a Settlement Payment or adhere to the Stay Current Obligation constituted a Default under the terms of the Stipulation.

Following the Judgment Debtors' agreement to the terms of the Stipulation and their execution of the Judgment by Confession, Judgment Debtors failed to satisfy several conditions of the Stipulation and Judgment by Confession, including failing to: (i) timely remit the first (1st) of the monthly Settlement Payments; (ii) deliver the executed Stipulation to Plaintiff's attorney; and (iii) timely submit the report and contributions to Plaintiff for the October 2022 work month (collectively, the "Defaults"). Plaintiff mailed a Notice of Default on December 14, 2022, which caused an automatic late fee and collection charge of $150.00 ("Late Fee") to be added to the other amounts owed. On December 15, 2022, the Judgment Debtors remitted the first (1st) of the Settlement Payments in the amount of $5,025.31. However, the Judgment Debtors failed to fully cure the Defaults within ten days, as required by the agreed-upon terms and in the Stipulation, by failing to deliver the executed Stipulation, submit the report and contributions for the October 2022 work month, and pay the Late Fee.

On January 12, 2023, Plaintiff filed the Motion and seeks entry of the Judgment by Confession in the following amount ("Revised Judgment Amount"):

| | |
|---|---:|
| Judgment Amount | $19,729.94 |
| Interest at 9% per annum[1] | $563.76 |
| Late Fee | $150.00 |
| Additional Attorney's Fees and Costs[2] | $17,409.97 |
| Less First (1st) of the Settlement Payments | ($5,025.31) |
| **Revised Judgment Amount** | **$32,828.36** |

## DISCUSSION

Federal courts have authority to enter judgments by confession. *F.D.I.C. v. Aaronian*, 93 F.3d 636, 640-41 (9th Cir. 1996) (citing *D.H. Overmyer Co., Inc. v. Frick Co.*, 405 U.S. 174, 185, 92 S. Ct. 775, 31 L. Ed. 2d 124 (1972)). Nevada law expressly permits judgments by confession. *See* NRS 17.090. Under Nevada law, a judgment by confession is a statement "in writing, signed by the defendant and verified by his or her oath" that "authorize[s] the entry of judgment for a specified sum" and that if money is or will become due, "it shall state concisely the facts out of which it arose, and shall show that the sum confessed therefor is justly due, or to become due." NRS 17.100.

I find that entry of the Judgment by Confession for the Revised Judgment Amount is appropriate. The Judgment by Confession complies with Nevada law in that it is in writing, signed by the Judgment Debtors, verified by their oaths, authorizes entry for a specified sum, states concisely the facts out of which the money due arose, and shows the sum confessed is justly due. Specifically, the amounts set forth by the Plaintiff for the original Judgment

---

[1] Pursuant to the express terms of the Stipulation and Judgment by Confession, interest accrues on the Judgment Amount at the rate of nine percent (9%) per annum (or $4.86 per day) from December 10, 2022, through the date of entry of the Judgment by Confession.

[2] Pursuant to the express terms of the Stipulation and Judgment by Confession, the Judgment Amount shall be increased by all reasonable attorney's fees and costs incurred by the Plaintiff to collect the Judgment Amount. This amount is calculated through March 31, 2023.

-4-

Amount, interest at nine percent (9%) per annum, Late Fee, and additional attorney's fees and costs, less the first (1st) of the Settlement Payments remitted by Defendants, are authorized by the Stipulation and Judgment by Confession. The Judgment Debtors defaulted on their obligations under the Stipulation and Judgment by Confession and have failed to timely and properly cure the Defaults. Thus, entry of the Judgment by Confession is proper pursuant to its express terms and Nevada law.

## ORDER

Therefore, IT IS HEREBY ORDERED that:

1. The Motion for Entry of Judgment by Confession [ECF No. 5] is GRANTED.

2. The Judgment by Confession will be signed and entered by the Court in favor of Plaintiff and against the Judgment Debtors, jointly and severally, for the Revised Judgment Amount of $32,828.36.

3. Interest shall continue to accrue on the Judgment Amount at the rate of nine percent (9%) per annum from the date of entry until paid in full.

4. All reasonable attorney's fees and costs incurred by the Plaintiff to collect the Judgment Amount shall be added to the Judgment Amount.

5. The Clerk of Court is directed to enter Judgment against Defendants Limited Edition Glass, Inc. and Richard Bryan Scott, jointly and severally, in the total amount of $32,828.36.

DATED: April 11, 2023

_____
Cristina D. Silva
United States District Judge

Submitted by:

**CHRISTENSEN JAMES & MARTIN, CHTD.**

By: /s/ Dylan J. Lawter
Dylan J. Lawter, Esq. (15947)
*Attorneys for Plaintiff*